### 20. Miscellaneous.

    a. <u>Severability</u>. If any section of this Agreement is held to be illegal, invalid or unenforceable, both parties agree that (i) the section will be removed; (ii) this Agreement will be understood and enforced as if the illegal, invalid, or unenforceable section had never been in this Agreement; and (iii) the remaining sections will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable section or by its removal. A section similar to the removed section will be automatically added as a part of this Agreement to the maximum extent enforceable.

    b. <u>No Third Party Beneficiaries</u>. Except as otherwise expressly provided in this Agreement, nothing in this Agreement is intended, nor will anything in this Agreement be deemed, to confer on any person or legal entity other than us or you, or our respective successors and permitted assigns, any rights or remedies under or by reason of this Agreement.

    c. <u>Headings</u>. All captions and headings in this Agreement are intended solely for the convenience of the parties and do not affect the meaning or construction of any section.

    d. <u>References</u>. All references to the masculine, neuter, or singular, include the masculine, feminine, neuter, or plural. The word "include" and its derivatives are not to be construed as terms of limitation. If "you" consists of more than one person or entity, your acknowledgments, promises, covenants, agreements, and obligations made or undertaken in this Agreement are jointly and severally undertaken by each of you.

    e. <u>Counterparts</u>. If this Agreement is executed in multiple counterparts, each executed copy is an original.

    f. <u>Governing Law</u>. This Agreement becomes valid and effective only when we have signed it, and it will be interpreted under the substantive laws of Maryland, not including its conflict of laws provision or such provisions of any other jurisdiction, except that nothing herein shall be construed to establish independently your right to pursue claims under Maryland's Franchisee Registration and Disclosure Law.

    g. <u>Cumulative Rights and Remedies</u>. Rights and remedies stated in this Agreement are cumulative and not exclusive of any other right or remedy.

    h. <u>Addenda/Amendments</u>. Any addenda or amendments to this Agreement will not be effective unless signed by one of our duly-authorized representatives and by you. All duly-executed addenda and/or amendments are incorporated into and will become a part of this Agreement.

    i. <u>Survival</u>. Those of your obligations and our obligations under this Agreement which expressly or by their nature survive the expiration or earlier termination of this Agreement will survive such expiration or termination, including <u>Sections 7, 10(d), 11, 13, 16, 17, 18, 19, 20, 21 and 22</u>.

### 21. Arbitration.

Except for our claims against you for indemnification or actions seeking to enjoin you from using any of the our Intellectual Property (including the Brand Mark) or the Choice-Related Words in violation of this Agreement, any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association, including its rules for emergency measures of protection, except to the extent that the Commercial Rules of the American Arbitration Association may be interpreted to require you or us to produce documents, witnesses, or information at a time other than at a hearing on the claim without our mutual

GA507


EXHIBIT 2

consent. In the event more than one demand for arbitration is filed in connection with this Agreement, the demand filed with the American Arbitration Association, J.A.M.S., or National Arbitration Forum office having jurisdiction over Maryland proceedings shall take precedence, and any other demand shall be withdrawn and presented in the Maryland filing. The arbitrator will apply the substantive laws of Maryland, without reference to its conflict of laws provision, except that nothing herein shall be construed to establish independently your right to pursue claims under Maryland's Franchise Registration and Disclosure Law. Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland. Nothing in this Section 21 will be construed as requiring you or us to make a claim in arbitration before exercising any rights you or we may have to give notice of default or termination in accordance with the terms of this Agreement.

22. **INTEGRATION.** **THIS AGREEMENT CONTAINS THE COMPLETE UNDERSTANDING OF THE PARTIES AND REPLACES ANY PREVIOUS WRITTEN OR ORAL AGREEMENT ON THE SAME SUBJECT MATTER. NO REPRESENTATION, INDUCEMENT, PROMISE OR AGREEMENT, ORAL OR OTHERWISE, NOT CONTAINED IN THIS AGREEMENT OR IN OUR FRANCHISE DISCLOSURE DOCUMENT, WILL BE OF ANY FORCE OR EFFECT.**



GA507

We and you (and your principals, if a limited liability company, partnership or corporation) agree to be bound by the terms and conditions of this Agreement by setting the hands and seals of our duly authorized and empowered representatives on this Agreement, effective on the first date written above.

Witness:

Name: Jeff Lols
Title: Asst GC

Choice Hotels International, Inc.,
a Delaware corporation

By: _____ L.S.
Name: Bret Limage
Title: Assistant General Counsel and Assistant Secretary

DIPLOMAT ONH HOTELS, LLC, a Georgia Limited Liability Company, Rajesh C. Patel, Individually, and M.C. Patel, Individually, Jointly and Severally

Witness:

X _____
Print Name of Witness:

DIPLOMAT ONH HOTELS, LLC, a Georgia Limited Liability Company

XBy: _____ L.S.
Name: Rajesh C. Patel
Title: Member

Date: X 6/7/12

Witness:

X _____
Print Name of Witness:

XBy: _____ L.S.
Name: M.C. Patel
Title: Member

Date: X 6/7/12

GA507

21

Witness:

X _____
Print Name of Witness:

Witness:

X _____
Print Name of Witness:

Rajesh C. Patel, Individually

X _____ L.S.

Date: X  6/12/12

M.C. Patel, Individually

X _____ L.S.

Date: X  6/12/12

PLEASE COMPLETE ATTACHED SCHEDULE A



GA507

22